UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WESTWOOD BAPTIST CHURCH**                     **CIVIL CASE NO. _____**
**Plaintiff**

**versus**                                       **JUDGE JAMES CAIN**


**NAUTILUS INSURANCE COMPANY**                  **MAGISTRATE JUDGE KAY**
**Defendant**

### ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiff, Westwood

Baptist Church (hereinafter "Plaintiff"), who respectfully represents as follows:

**Parties**

1.

The parties herein are:

Plaintiff, Westwood Baptist Church, is a non-profit religious corporation

domiciled in Calcasieu Parish, Louisiana; and

Made defendant herein is Nautilus Insurance Company (hereafter "Nautilus") a

foreign insurance company authorized to do and doing business in the State of Louisiana

that can be served via the Louisiana Secretary of State, 8585 Archives Avenue, Baton

Rouge, LA 70809.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Factual Background**

3.

Nautilus insured the property of Plaintiff located at 2317 Westwood Road, Westlake, Louisiana under Policy No. NN1110196, which was in full force and effect on August 27, 2020.

4.

Where used herein, Nautilus refers to not only the named entity but to anyone acting for or on behalf of Nautilus in relation to the claims of Plaintiff, including the employees, contractors, adjusters and agents of Nautilus or anyone providing services to Nautilus relating to the claims of Plaintiff.

5.

Hurricane Laura struck the Gulf Coast including Lake Charles, Louisiana from August 26- 28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds associated with Hurricane Laura. Not only did the building receive extensive damage rendering it unusable for its intended purpose, but the contents and other structures of the property sustained damage and there was debris that had to be removed.

7.

Nautilus was notified of the loss and was provided with satisfactory proof of Plaintiff's loss when it was given full access to inspect all damages at the insured property without limitation on September 25, 2020.

8.

On January 8, 2021 Nautilus provided their insured with a copy of an estimate which misrepresented the extent and nature of the damage to the property and underestimated the amount needed to repair the property. Nautilus's estimate of repairs totaled $1,085,466.43 to repair the property and other structures, after application of the hurricane deductible.

9.

Plaintiff was not paid for its building damage until January 13, 2021 when Nautilus issued a check to Westwood Baptist Church in the amount of $1,085,466.43.

10.

Plaintiff engaged the services of a contractor to perform repair of the property, which included completing a thorough inspection of the damages caused by Hurricane

Laura to prepare an estimate for repairing the buildings, which ultimately has totaled $2,572,019.43.

11.

On April 28, 2021 Nautilus sent correspondence stating that Nautilus has received revised estimates from its building consultant JS Held, and would accordingly issue payment of $61,856.87 under separate cover.

12.

On May 26, 2021, Plaintiff sent the contractor's first estimate to Nautilus of $628,437.89. As the contractor was able to perform more evaluation over the coming months, the contractor sent Nautilus multiple estimates, with the most recent estimate of $2,572,019.43 in damages to the dwelling and other structures being sent on September 8, 2021.

13.

Plaintiff has only been issued an additional $155,878.08 in supplemental payment subsequent to the $61,856.87 payment, with the last building payment having been made on September 22, 2021. In total, Nautilus has paid a total of $1,303,201.38 of the $2,572,019.43 that is required to repair the buildings at issue.

**Claim for Breach of Contract**

14.

Nautilus undeniably owes Plaintiff the amounts reflected in the satisfactory proof of loss sent on September 8, 2021 and has failed to unconditionally tender the amounts

owed. Nautilus is in breach of its obligations to Plaintiff under the insurance policy by its refusal to pay timely the amounts owed under the policy.

15.

In addition to amounts reflected in proofs of loss already received by Nautilus, Plaintiff are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the buildings, as well as damages to the contents of the property, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**Claims for Violations of La. R.S. § 22:1892 and/or§ 22:1973**

16.

Louisiana Revised Statute 22:1892 obliges an insurer, such as Nautilus, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

17.

Louisiana Revised Statute 22:1973 imposes on insurers, such as Nautilus, in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with

insureds, such as Plaintiff. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

18.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

19.

More than thirty and sixty days have elapsed since Nautilus first received satisfactory proof of loss of all of Plaintiff's claims via Nautilus's own inspection in September 2020, yet it failed to make payment on the building damage based on its inspection until January 13, 2021, nearly four months later. Further, Nautilus still has not made an unconditional tender of all amounts owed as evidenced by Plaintiff's estimate from its contractor. These two occurrences separately and together trigger application of the penalties found in the above-referenced statutes.

20.

In addition to the amount of the loss owed, Nautilus is also liable to Plaintiff for a penalty of 50% of the amount due from Nautilus, as well as reasonable attorney's fees and costs, based on Nautilus's failure to unconditionally tender the amounts owed to

Plaintiff within thirty (30) days after receipt of satisfactory proof of loss because Nautilus's failure to do so was arbitrary, capricious, or without probable cause.

21.

In addition to actual damages suffered for its violation of Louisiana Revised Statue 22:1973, Nautilus is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

22.

Nautilus is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

WHEREFORE, after due proceedings hereon, Plaintiff Westwood Baptist Church prays for judgment in their favor against Defendant Nautilus Insurance Company finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

Respectfully submitted,

**THE JOHNSON FIRM**
1400 Ryan Street
P.O. Box 849
Lake Charles, LA 70602
(337) 433-1414/Telephone
(337) 433-3234/Facsimile
kilburn@johnsonfirmla.com

7

By: *s//Kilburn S. Landry*
**KILBURN S. LANDRY, No. 33230**
*Attorney for Plaintiff*